FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 26, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>VERNON W. HIBBARD; LINDA J. HIBBARD; LINDA J. HIBBARD dba EARLY DISCOVERIES EARLY EDUCATION CENTER; U.S. BANCORP; and NATIONSTAR MORTGAGE, LLC,<br><br>    Defendants. | No. 2:24-CV-00310-SAB<br><br>**ORDER OF FORECLOSURE AND JUDICIAL SALE AND FOR APPOINTMENT OF RECEIVER** |

Before the Court is the United States' and Defendants Vernon W. Hibbard's and Linda J. Hibbard's Stipulated Motion for Entry of Order of Foreclosure and Judicial Sale and for Appointment of Receiver, ECF No. 34. The United States is represented by Anthony Iozzo. Defendants Vernon and Linda Hibbard are represented by Elizabeth Fiattarone. The motion was considered without oral argument.

The parties request the Court enter this Order of foreclosure related to the property located at 702 North Lyle Avenue, East Wenatchee, Washington, 98802 ("Subject Property"). They also request the Court appoint a receiver, Melissa

**ORDER OF FORECLOSURE AND JUDICIAL SALE AND FOR APPOINTMENT OF RECEIVER** ~ 1

Kenady, to take custody and arrange for the sale of the property. The Court finds good cause to grant the motion.

Accordingly, **IT IS ORDERED:**

1. The United States' and Defendants Vernon W. Hibbard's and Linda J. Hibbard's Stipulated Motion for Entry of Order of Foreclosure and Judicial Sale and for Appointment of Receiver, ECF No. 34, is **GRANTED**.

2. The Subject Property shall be **SOLD** under the Judgment of this Court, pursuant to 26 U.S.C. § 7403 and 28 U.S.C. § 2001.

3. Melissa Kenady is **APPOINTED** as the Receiver, pursuant to 26 U.S.C. §§ 7402(a) and 7403(d), to take custody and arrange for the sale of the Subject Property according to the terms set forth below.

4. The Defendants and any other occupants of the Subject Property **shall permanently vacate the Subject Property no later than 210 days from the entry of this Order**. The Defendants and any occupants shall take with them their personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Subject Property). If any person fails or refuses to vacate the Subject Property within this period, the Receiver is authorized to coordinate with the United States Marshal's Office, the Douglas County Sheriff's Office, and/or any other local police department (collectively "law enforcement") to take all actions that are reasonably necessary to have those persons ejected. Such actions may include, but are not limited to, the use of reasonable force, and to enter and remain on the premises, including but not limited to, the land and any structures or vehicles thereon, for the purpose of executing this Order. Law enforcement is further authorized and directed to arrest and/or evict from the premises any persons who obstruct or attempt to obstruct or interfere or attempt to interfere in any way with the execution of this Order.

5. After the Defendants and any occupants permanently vacate the Subject Property, the Defendants' counsel shall notify counsel for the United

**ORDER OF FORECLOSURE AND JUDICIAL SALE AND FOR APPOINTMENT OF RECEIVER ~ 2**

States **no later than one (1) business day** after the Defendants and other occupants vacate the Subject Property.

6. Any personal property remaining on the Subject Property following the 210-day period by which any persons must vacate the Subject Property will be deemed forfeited and abandoned, and the Receiver is authorized to dispose of it any manner seen fit, including sale, in which case the proceeds of that sale are to be applied first to the costs and expenses of such sale, and the balance shall be held and added to any future sale proceeds of the Subject Property when the sale of the Subject Property closes for further distribution. The Receiver shall be responsible for holding and accounting for any funds she receives through any sale of leftover personal property. The United States may authorize the Receiver to consult with various experts on the sale of contents inside the Subject Property, including art, furnishings, vehicles, and equipment. Nothing in this Order shall be construed to restrict or interfere with the IRS' ability to administratively collect against such personal property.

7. Until the Subject Property is sold, the Defendants and any occupants shall take all reasonable steps necessary to preserve the Subject Property (including all buildings, improvements, fixtures, and appurtenances thereon) including, without limitation, maintaining fire and casualty insurance policies on the Subject Property. They shall keep current in paying real property taxes as they are assessed. They shall not commit waste against the Subject Property, nor shall they cause or permit anyone else to do so. They shall not do anything that tends to reduce the value or marketability of the Subject Property, nor shall they cause or permit anyone else to do so. They shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential buyers, nor shall they cause or permit anyone else to do so. **Violation of this Paragraph shall be deemed a contempt of Court and punishable as such**.

**ORDER OF FORECLOSURE AND JUDICIAL SALE AND FOR APPOINTMENT OF RECEIVER** ~ 3

8. Within **fourteen (14) days** from either the close of the 210-day period for the Defendants and other occupants to vacate the Subject Property or the date when such persons vacate the Subject Property, if sooner, the Receiver is directed to take custody of the Subject Property (including all improvements, buildings, fixtures, materials, contents, and appurtenances thereon) to preserve and protect the value of the Subject Property, to put it into saleable condition, and to arrange for the sale of the Subject Property, free and clear of any rights, titles, claims, or interests of any of the parties to this action. The Receiver may retain a locksmith to change or install locks or other security devices or any part thereof, until a deed is delivered to the ultimate buyer(s).

9. The Receiver shall have the authority to, and is directed to, arrange for the sale of the Subject Property subject to confirmation and approval by this Court. The initial listing price may be set by the Receiver in consultation with counsel for the United States. If lack of buyer interest or buyer feedback indicates that the listing price is too high, the Receiver, in consultation with counsel for the United States, may lower the listing price. The United States shall have exclusive authority to decide whether to accept an offer or counteroffer for the Subject Property, conditioned on ultimate Court approval of any proposed sale. The terms of any purchase agreement shall include the balance of the purchase price paid in cash or certified check at closing, and shall include an earnest money deposit, in an amount to be set by the Receiver, forfeitable upon the buyer's failure to perform. The terms of any purchase agreement may also include financing options. Any forfeited earnest money proceeds shall be distributed first to the Receiver to the extent of expenses incurred by the Receiver under Paragraph 11 of this Order, with the remainder to be added to any future sale proceeds when the sale closes, except to the extent the United States, in consultation with the Receiver, agrees that such monies may be used for maintenance, repairs, and/or improvements to the Subject Property. A purchase agreement may include other customary and reasonable

**ORDER OF FORECLOSURE AND JUDICIAL SALE AND FOR APPOINTMENT OF RECEIVER** ~ 4

terms in the discretion of the Receiver, in consultation with counsel for the United States. The closing shall not occur until after the sale has first been confirmed and approved by further order of this Court.

10. At closing, the buyer(s) shall receive a quitclaim deed to the Subject Property, executed by the Receiver, that shall be free and clear of all liens, interests, or other claims of the parties to this suit with respect to the Subject Property. Those claims shall attach to the sale proceeds in the same order of priority as they have against the Subject Property.

11. The Receiver shall have all of the rights and powers necessary to fulfill her obligations under this Order, including, but not limited to, the power to enter the Subject Property, to inspect the Subject Property, to advertise the sale of the Subject Property, to show the Subject Property to prospective buyers, to take any action reasonably necessary to protect and preserve the value of the Subject Property prior to sale, and to put the Subject Property into salable condition, including making a total expenditure of funds less than $1,000 without preauthorization from the United States or, if expenditures in the aggregate total more than $1,000, first obtaining the United States' authorization for reasonable and necessary repairs, maintenance, and minor improvements.

12. The Receiver shall be compensated from the proceeds of the sale of the Subject Property:

    a. In the amount equal to 6% of the gross sale proceeds from which they Receiver must pay any buyer broker commission, or if the Receiver finds the buyer themselves without requiring a separate buyer's agent, in the amount equal to 5% of the gross sale proceeds;

    b. For her reasonable and necessary expenditures under Paragraphs 6 and 11 of this Order; and

The Receiver shall receive payment of the above-described compensation

**ORDER OF FORECLOSURE AND JUDICIAL SALE AND FOR APPOINTMENT OF RECEIVER ~ 5**

from a distribution of the proceeds of sale at closing, as a direct cost of sale, and before any net sale proceeds are used to pay the claims of the parties to this action.

13. Once the United States and the Receiver agree that an offer for sale of the Subject Property should be accepted, the United States shall promptly seek confirmation of the proposed sale from this Court. This process only requires that the United States file a motion seeking confirmation of the sale and shall not provide for any reopening of the offer by anyone.

14. If this Court confirms a proposed sale of the Subject Property, then the closing of the sale shall be handled by an escrow or title company chosen by the Receiver or potential buyer with the United States' consent. The closing shall occur only after this Court confirms the sale, but the timing of the closing shall otherwise occur as negotiated by the Receiver and the potential buyer as contained in the offer that this Court confirms. Any order confirming a sale by the Court will make clear that the sale is free and clear of all liens, interests, or other claims of parties to this case with respect to the Subject Property. Upon confirmation of the sale, all interests in, liens against, or claims to the Subject Property that are held or asserted by any party to this action or any successors in interest or transferees of those parties shall be discharged and extinguished. Redemption rights under state or local law shall not apply to this sale under federal law.

15. After payment of compensation to the Receiver, the net proceeds shall be deposited with the Court unless directed otherwise in a sale confirmation order. Upon appropriate motion for disbursement or stipulation of the parties, the Court will disburse the net proceeds of sale in the following order of preference until these expenses and liens are satisfied or the proceeds are exhausted:

    a. First to satisfy Nationstar Mortgage LLC dba Mr. Cooper's deed of trust;

    b. Second to satisfy U.S. Bank National Association, as trustee of NRZ Recovery Trust's, deed of trust; and

**ORDER OF FORECLOSURE AND JUDICIAL SALE AND FOR APPOINTMENT OF RECEIVER ~ 6**

        c.    Third to satisfy the United States' federal tax liens.

If there are any remaining proceeds after application of this Paragraph, such proceeds shall be retained in the Court's registry pending further application by the parties.

16.    The United States and all defendants in this case, and all other persons acting in concert with them or on their behalf, are hereby restrained and enjoined from doing anything that tends to interfere with or reduce the value or marketability of the Subject Property, or from interfering with the Receiver or the Receiver's efforts to comply with her obligations under this Order. Violations of this Paragraph shall be deemed a contempt of Court and punishable as such.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 26th day of August 2025.



_____
Stan Bastian
Chief United States District Judge

**ORDER OF FORECLOSURE AND JUDICIAL SALE AND FOR APPOINTMENT OF RECEIVER** ~ 7